IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE WARD,                )
                             )
        Plaintiff,           )
                             )    05 C 3633
    v.                       )
                             )    Hon. Mark Filip
JESSIE BROWN V.A.            )
HOSPITAL,                    )
                             )
        Defendant.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Maurice Ward ("Plaintiff" or "Ward"), brings this action against his former

employer, the Jessie Brown V.A. Hospital ("Hospital"),[1] under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 1346 (2005). (D.E. 1.)[2] The United States of America (also

"Government) has appeared and filed a motion to dismiss (D.E. 15 (also "Motion")), in which it

argues, *inter alia*, that Ward has failed to name the proper defendant for a FTCA claim (*i.e.*, the

United States).

By way of brief summary, Ward claims an invasion of his right to privacy as protected by

the Illinois Constitution Article 1, Section 6, and purports to use the FTCA to assert the claim

---

[1] Plaintiff brings his complaint against the "Jessie Brown V.A. Hospital," and refers to the
hospital by that name in all his subsequent filings. (*See, e.g.*, D.E. 1, 19.) The Government has
noted that the name of the hospital is actually the "Jesse Brown V.A. Hospital." For purposes of
maintaining consistency with Plaintiff's filings, the Court refers to the hospital as the "Jessie
Brown V.A. Hospital."

[2] The various docket entries in this case are designated "D.E. __."

1

against the Hospital. (D.E. 1.) Before the Court is the Government's motion to dismiss Ward's complaint. (D.E. 15.) The Government argues that this Court lacks subject matter jurisdiction over the case. (D.E. 17.) In support of this argument, the Government asserts that Ward: named the wrong party as defendant; failed to exhaust mandatory administrative remedies under the FTCA; and failed to meet the administrative statute of limitations of the FTCA. (*See* D.E. 17 at 3-6.) Alternatively, the Government argues that the lawsuit is barred by the doctrine of *res judicata* because of failed litigation that Ward initiated against the Secretary of the Department of Veterans Affairs in 1997, which suit was dismissed on summary judgment and which dismissal was affirmed on appeal. (*See id.* at 4-6.) In this regard, the Government argues that, to the extent that any part of this case is not barred by the doctrine of *res judicata*, Ward's exclusive remedy, if any, laid under the Federal Employees Compensation Act, 5 U.S.C. § 8116(c) (2005) ("FECA"). (*See id.* at 6.)

As explained further below, the case suffers from multiple, independent defects. As a result, the Government's Motion is granted.

## FACTUAL BACKGROUND

Beginning in September 1993, Ward worked as a medical records technician at the Hospital. (D.E. 1 ¶ 4.) On November 15, 1996, Ward filed an EEOC complaint claiming that a co-employee, Mary Toles ("Toles") had negligently disclosed personal information contained in Ward's employment file to other hospital employees, causing him injuries. (*Id.* ¶¶ 14, 15.) He also filled out a "point of contact" form, which was the Hospital's procedure for employees "to voice objectionable practices to their superiors." (*Id.* ¶ 15.) (Although Toles was a nurse

2

manager, she was not Ward's supervisor.) (*Id.*) Ward alleged that Toles disclosed to co-employees Ward's college grade point average, that "he was kicked out of the [military] reserves," and that he left a job at the Postal Service. (*Id.* ¶¶ 13-14.) In December 1996, Ward dropped his EEOC complaint. (*Id.* ¶ 15.)

On January 15, 1997, Ward heard some co-workers discussing the fact that Ward had been sexually molested as a child. (*Id.* ¶ 16.) Following the incident, Ward felt suicidal. (*Id.* ¶ 19.) In February 1997, he admitted himself to Hines V.A. Hospital where he was an inpatient for four days. (*Id.*) During those four days, Ward began to feel better and wanted to get back to work. (*Id.* ¶ 19.) The same month, Ward returned to work, but he was reassigned to a different hospital ward. (*Id.* ¶ 20.) Ward continued working at the Hospital until October 2001. (D.E. 19, Ex. 1 (Ward's resignation form from the Hospital dated Oct. 11, 2001).)

In March 1997, an outpatient psychiatrist diagnosed Ward with major depression and post-traumatic stress disorder. (D.E. 1 ¶ 19.) This psychiatrist allegedly told Ward that his illness was caused by Toles's disclosure to co-employees that Ward had been sexually abused. (*Id.*)

In addition, in March 1997, Ward filed a second EEOC complaint against Toles, this time alleging harassment on the basis of sex, in violation of Title VII. (*Id.* ¶ 20.) On November 18, 1997, Ward filed a lawsuit in federal district court against the Department of Veterans Affairs (the "VA"), alleging workplace sexual harassment in violation of his rights under the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (*Id.* ¶ 20); *Ward v. Sec'y, Dep't of Veterans Affairs*, No. 97 C 8024, 1999 WL 1045208, at *1 (N.D. Ill. Nov. 12, 1999) (Marovich, J.). In support of his harassment claim, Ward alleged misconduct on Toles's part as described in the two EEOC

complaints (*i.e.*, disclosure of his education, work history, and sexual abuse). *Id.* at *2. The district court entered summary judgment against Ward because there was no meaningful evidence offered in support of his claims. *Id.* at *3. On appeal, the Seventh Circuit affirmed the district court's decision. *Ward v. West*, No. 99-4164, 2000 WL 868587, at *1 (7th Cir. June 19, 2000) (unpublished).

On June 22, 2005, Ward filed the present action in this Court against the Hospital and Toles, asserting an invasion of privacy under the Illinois Constitution and the FTCA.[3]

I.    Legal Standards

The FTCA states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. The FTCA bars claimants from bringing suit against the United States in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113 (1993). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997).

---

[3] In a previous order, when granting *in forma pauperis* status, this Court dismissed without prejudice Plaintiff's claims against the second defendant, Ms. Toles, pursuant to 28 U.S.C. § 1915. (D.E. 13.) This dismissal was based on the facts that: (1) Ms. Toles, an individual, could not be liable under the FTCA, which permits claims against the United States only (*id.* at 2); and (2) the claims against Ms. Toles appeared to be brought many years after the applicable statute of limitations had run. (*Id.*)

4

The Government has moved to dismiss Ward's FTCA claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on multiple, independent grounds. (D.E. 15.) Proceeding under Rule 12(b)(1) has been deemed appropriate in cases involving all of these grounds. First, precedent teaches that a failure to name the correct defendant in an FTCA suit, *i.e.*, the United States, is appropriately dealt with on jurisdictional grounds, when the plaintiff's attempt to correct the error by amending the complaint occurs after the six month statutory time period provided by the FTCA. *See, e.g., Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) (affirming the district court's decision to dismiss FTCA suit where the plaintiff sought to amend her complaint to name the United States after the six month period permitted for filing suit under the FTCA had run); *accord, e.g., id.* (discussing with approval the district court's holding that: "the limitation in the Act [FTCA] on time for bringing suit was jurisdictional in nature and not subject to equitable considerations.") (citation omitted).

Second, precedent instructs that treating a motion to dismiss as a motion for lack of subject matter jurisdiction is appropriate where defendants have moved to dismiss plaintiffs' claims on the basis of failure to comply with Section 2675(a) of the FTCA by exhausting administrative remedies before filing suit under the FTCA. *See, e.g., Deloria v. Veterans Admin.*, 927 F.2d 1009, 1111 (7th Cir. 1991) (stating that showing compliance with 28 U.S.C. § 2675(a) is a "jurisdictional prerequisite to suit"); *Christides v. Zuckerman*, No. 03 C 6319, 2004 WL 1005750, at *1 (N.D. Ill. May 4, 2004) (Pallmeyer, J.) (applying Rule 12(b)(1) to grant the government's motion to dismiss with prejudice where plaintiff failed to exhaust administrative remedies under the FTCA within the prescribed limitations period); *Carter v. Soc. Sec. Field Office*, No. 02 C 5526, 2004 WL 609316, at *1 n.4 (N.D. Ill. Mar. 22, 2004) (Guzman, J.)

5

(treating defendant's motion to dismiss plaintiff's potential FTCA claims for failure to exhaust administrative remedies as a Rule 12(b)(1) motion); *see generally Gervasio v. United States*, 627 F. Supp. 428, 430 (N.D. Ill. 1986) (Kocoras, J.) ("Rule 12(b)(1) is the proper vehicle for dismissing cases which are untimely and over which no subject matter jurisdiction exists because the plaintiff has failed to exhaust his administrative remedies before coming to court.").

Likewise, courts have reviewed motions to dismiss as Rule 12(b)(1) motions in cases that involve a failure to meet the administrative statute of limitations for the FTCA. *See, e.g.,* *Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989) (discussing *Crawford v. United States*, 796 F.2d 924, 928-30 (7th Cir. 1986), and stating that, in *Crawford*, the Seventh Circuit established that FTCA administrative statute of limitations issues are "preliminary jurisdictional matters" that are "appropriately dealt with under Rule 12(b)(1) of the Federal Rules of Civil Procedure."). Finally, precedent teaches that Rule 12(b)(1) is the proper rule to apply when reviewing a motion to dismiss an FTCA claim on the basis that FECA is the plaintiff's exclusive remedy. *See, e.g., Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995); *Heilman v. United States*, 731 F.2d 1104, 1109-10 (3d Cir. 1984) ("[I]f a claim is covered under FECA, then the federal courts have no subject matter jurisdiction to entertain the action, since the United States has not otherwise waived its sovereign immunity to suit.") (citation omitted).

When ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court must accept the plaintiff's factual allegations as true and make all reasonable inferences in the plaintiff's favor. *See, e.g., Rueth v. United States Envtl. Prot. Agency,* 13 F.3d 227, 229 (7th Cir. 1993) (citing *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted). "'The district court may properly look beyond the

jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co.*, 999 F.2d at 191 (further internal quotation marks and citations omitted)). A district court must dismiss any action for which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In the alternative, the Government has moved to dismiss under Fed. Civ. P. 12(b)(6), arguing that Ward has failed to state a claim upon which relief can be granted because his FTCA claim is barred by *res judicata*. Caselaw instructs that "[w]hen a defendant raises *res judicata* as a defense and it is clear from the complaint's face, and matters of which the district court may take judicial notice that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is proper." *Wilson v. Bob Watson Chevrolet, Inc.*, No. 03 C 5535, 2004 WL 432493, at *2 (N.D. Ill. Mar. 2, 2004) (Aspen, J.); *accord, e.g., Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995) (affirming dismissal pursuant to Rule 12(b)(6) on the grounds of *res judicata*); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . ."); *Perry v. Tarry*, No. 96 C 7027, 1997 WL 361453, at *1 (N.D. Ill. June 20, 1997) (Coar, J.) (granting motion to dismiss under Rule 12(b)(6) because claim was barred by *res judicata*). In reviewing a Rule 12(b)(6) motion, the court must accept the plaintiff's allegations as true and make all reasonable inferences in the plaintiff's favor. *Northwest Tissue Ctr. v. Shalala*, 1 F.3d 522, 527 (7th Cir. 1993) (citing *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991)). A court should only dismiss the plaintiff's complaint under Rule 12(b)(6) if there is no set of facts under which the court may grant the plaintiff relief. *Id.*, 1 F.3d at 527 (citing *Mosley*, 947 F.2d at 1339). The

district court may consider matters of public record without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting numerous circuit court cases); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (per curiam) (teaching that, in analyzing motion to dismiss, "[t]he district court may also take judicial notice of matters of public record.") (collecting authorities).

## II. Discussion

### A. Dismissal For Lack of Subject Matter Jurisdiction

The United States argues that this Court lacks jurisdiction to proceed in the case for multiple, independent reasons. All of its arguments appear to be correct and the Court accordingly dismisses the case on the bases explained below. Because the defects are not curable, dismissal with prejudice is warranted.

#### 1. Ward Failed To Name And Sue The Correct Defendant Within Requisite Timeframe

The Government first argues that the fact that Ward named the Hospital, as opposed to the United States, as the defendant to Ward's FTCA suit warrants dismissal based on lack of subject matter jurisdiction. (D.E. 17 at 3.) The Court agrees.

"Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States." *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) (per curiam); *accord, e.g.*, 28 U.S.C. § 2679(a), (b)(1) (2005); *Carter*, 2004 WL 609316, at *4. Moreover, precedent teaches that a plaintiff may not substitute the United States for the federal agency originally (and improperly) named in an FTCA suit, when that substitution or amendment occurs after the FTCA statute of limitations has run. *See, e.g.*,

*Stewart*, 655 F.2d at 742 (affirming dismissal of FTCA case where plaintiff had sued the Postal Service rather than the United States, and where plaintiff attempted to amend the complaint to add the United States after the passage of the six month time period permitted under the FTCA for filing suit once a party's administrative claim has been rejected); *Hughes*, 701 F.2d at 58 ("When a person or entity sued is changed, a substitution, rather than a correction has occurred. Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States. Government agencies do not merge into a monolith; the United States is an altogether different party from either the F.B.I. or the Department of Justice. That the United States Attorney may represent the government does not make the Department of Justice the functional equivalent of the United States. The plaintiffs' amendment substituted a suable entity for non-suable entities after the statute of limitation had barred the action.") (internal citations omitted). In the case *sub judice*, as discussed further below, Ward failed to file a proper administrative claim within the FTCA's two year statute of limitations; because Ward did not fulfill the prior necessary step of filing an administrative claim and having that claim rejected, his suit was defective even before it reached the six-month time period allotted for filing suit. Bearing in mind Ward's lack of compliance with the statutory prerequisites, it would have been impossible for the United States to receive actual notice of Ward's suit during the relevant six month period. Actual notice to the United States is required to relate back an amendment to a time within the statutory period. *See, e.g.*, *Stewart*, 655 F.2d at 742 (finding that the "application of Rule 15(c) to the Government in the absence of proper notice within the limitations period would result in prejudice by eliminating the statute of limitations defense.") (citation omitted). Thus, consistent with the caselaw, the Court does not

9

give Ward leave to amend his complaint to add the United States as a defendant and dismisses Ward's complaint with prejudice.

   2.   Ward Failed To File A Claim With Required Agency And To Exhaust Requisite Administrative Remedies

The Government argues that dismissal of this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is appropriate because Ward has not filed a claim with the appropriate federal agency and thus has failed to exhaust his administrative remedies as required under the FTCA before filing a lawsuit in district court. (D.E. 17 at 3.) The Court agrees.

Prior to filing a lawsuit under the FTCA, a plaintiff must file a claim with the appropriate United States administrative agency. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."); *Kanar*, 118 F.3d at 528 ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim.") (citing, *inter alia*, 28 U.S.C. § 2675(a)). The purpose of this requirement is "to encourage administrative consideration and settlement of claims, thereby reducing unnecessary litigation." *Deloria*, 927 F.2d at 1011. An FTCA administrative claim requires four elements: (1) a written notification of an incident; (2) a claim for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of that person's authority to represent the claimant. *See Kanar*, 118 F.3d at 528; 28 C.F.R. § 14.2(a) (2005).

Ward's Complaint does not contain allegations that he brought an administrative claim

relating to the claims underlying his FTCA suit before he filed suit. Indeed, Ward does not dispute that he did not file any orthodox FTCA administrative claim with the VA. (*See* D.E. 19 at 4-5.) That failing would appear to preclude any case from going forward at this time—*see, e.g.*, 28 U.S.C. § 2675(a); *Kanar*, 118 F.3d at 528—and the defect is not curable, given that the FTCA administrative claim must be filed within two years of the accrual of the cause of action (28 U.S.C. § 2401(b)), and the operative events here occurred in the 1990s.

In Ward's response to the Government's motion to dismiss, Ward suggests that he gave the VA notice of his claim when he wrote on his resignation form ("Resignation Form") from the Hospital that his resignation was "due to job related Post Traumatic Stress Disorder (PTSD), major depression with psychotic features." (D.E. 19, Ex. 1; *see id.* ¶ 13.) The writing on the Resignation Form is insufficient to satisfy the first element of an FTCA administrative claim, because Ward's Resignation Form does not serve in any way as notification of an incident that caused him injury; the fact that the medical condition Ward mentions on the form was "job related" does not sufficiently point to "an incident" or incidents that supposedly caused his harms. *Kanar*, 118 F.3d at 528. Additionally, Ward did not make any claim for money damages, much less a claim for "sum certain" in damages, and therefore the resignation form is deficient with respect to the second element of an FTCA administrative claim as well. *See, e.g., Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996) (discussing Standard Form 95, a form which may be used to notify the United States of an FTCA claim, and stating that the form requires "no statement of legal theories . . . only facts plus a demand for money"); *Christides*, 2004 WL 1005750, at *6 (finding a notice was not a proper administrative claim under the FTCA where it did not state a "sum certain" in damages). Because the writing on Ward's Resignation Form

11

does not meet two of the necessary conditions of an FTCA administrative claim, and in no way fulfills the purpose of requiring an administrative claim, which is "to encourage administrative consideration and settlement of [Ward's] claims," *Deloria*, 927 F.2d at 1011, the Court rejects Ward's argument that the Resignation Form satisfied the requirement that he make an administrative claim before filing suit.[4]

Ward does not provide any other documentation showing that he made an adequate administrative claim to an appropriate federal agency, and that such an agency denied his claim before he filed his complaint in this Court. Moreover, the Government attached to its motion to dismiss an affidavit from the VA that Ward has never filed an administrative FTCA claim. (D.E. 17, Ex. 1.) Therefore, the Court concludes that Ward has not complied with the FTCA by exhausting his administrative remedies. The Court grants the Government's motion to dismiss for lack of subject matter jurisdiction based on Ward's failure to exhaust the requisite administrative remedies under the FTCA before filing suit. *See, e.g., McNeil*, 508 U.S. at 113.[5]

---

[4] Although it is not clear from his papers, reading the *pro se* filings generously, Ward perhaps argues that he presented an administrative FTCA claim when he filed the EEOC charge that underlay his 1997 suit. The Court has obtained and reviewed the EEOC charge (filed with the Clerk of Court in connection with the 1997 case (*see* D.E. 30, Ex. 8 in Case No. 97 C 8024, *Ward v. Sec'y, Dep't of Veterans Affairs*))—of which the Court takes judicial notice. *See* Fed. R. Evid. 201. That prior EEOC complaint does not satisfy the requirement that an administrative FTCA claim must make a claim for money damages in a sum certain, because Ward did not specify an amount of money damages (instead, Ward sought the corrective actions of having Mary Toles removed from the hospital and receiving "punitive compensation"). (*See* D.E. 30, Ex. 8 in Case No. 97 C 8024)). Over and above this clear deficiency, no authority has been offered for the proposition that an EEOC complaint could suffice as presentation of an FTCA claim.

[5] Although not discussed by the parties, the Court notes that the Seventh Circuit has recently noted that there is some question as to whether it is "technically correct" to view defects of this sort as jurisdictional, rather than as a matter of the ability of the plaintiff to state a cognizable claim. *Clark v. United States*, 326 F.3d 911, 913 (7th Cir. 2003) (per curiam) (noting

12

### 3. The Statute of Limitations Has Run And No Tolling Is Warranted

As explained above, the Government correctly contends that Ward failed to bring an administrative claim within the FTCA's two-year statute of limitations period. A plaintiff must file an FTCA claim "within two years after such claim accrues" or it is "forever barred." 28 U.S.C. § 2401(b); *Kanar*, 118 F.3d at 528. A claim begins to accrue when the plaintiff is aware of his or her injury and its probable cause. *See United States v. Kubrick*, 444 U.S. 111, 122-23 (1979) (holding that a claim accrues when a plaintiff knows both the existence and the cause of his injury); *see also Barnhart*, 884 F.2d at 298 (discussing the "discovery rule": "that a cause of action under the Federal Tort Claims Act begins to accrue when a plaintiff discovers or should have discovered the cause of his or her injury.") (collecting cases). Because no tolling is warranted, this defect is not curable.

Ward appears to argue that the two-year statute of limitations should be tolled based on his mental state during the applicable period. (*See, e.g.*, D.E. 19 at 8 ("The plaintiff's mental state is relevant with regard's [sic] to the plaintiff's capacity to sue."); *id.* at 9 ( "During the elapsed time this plaintiff was actively engaged in psychotherapy, and grossly incapacitated. I was unable to sue.").) It is an open question in this circuit whether severe mental incapacity can toll the administrative statute of limitations under the FTCA under limited circumstances. *See,*

---

the issue but finding it unnecessary to resolve); *see also Palay v. United States*, 349 F.3d 418, 424-25 (7th Cir. 2003) (noting issue but finding it unnecessary to resolve). The Court does not believe this issue is material in the instant case: both because there is no meaningful dispute about the fact that Ward did not file any orthodox FTCA administrative claim (his argument about the resignation form is discussed above and relies upon a document that he attached to his brief (D.E. 19, Ex. 1)); and because, independently, dismissal is warranted under principles of *res judicata*, given the summary judgment dismissal of Ward's 1997 case and affirmance of that dismissal.

*e.g.*, *Barnhart*, 884 F.2d at 298 (discussing, without adopting, a possible limited "exception" to the discovery rule "where the very injury of which a plaintiff complains prevents him or her from being aware of that injury.") (collecting cases concerning instances where plaintiffs were in comas or a plaintiff had been lobotomized); *see also id.* at 299 (discussing Tenth Circuit caselaw holding that insanity does not fit within any exception and does not toll the statute of limitations). However, in *Barnhart*, the Seventh Circuit concluded that when a person initiates a legal action against a party based on an injury, that person fairly can be taken to have discovered the cause of his injury at least at that time; moreover, the court determined that "proceed[ing] with a different legal action puts to rest any issue as to . . . [the plaintiff's] general capacity to bring a legal action." *Id.*, 884 F.2d at 299 (refusing to toll the FTCA's two year statute of limitations for a plaintiff's suit against the VA, where the plaintiff suffered from severe tardive dyskinesia brought on by "major tranquilizer therapy" administered by VA hospitals, in light of the fact that the plaintiff brought suit against the manufacturer of the drug during the time period of the statute of limitations, and thus "had clearly 'discovered' the cause of his injury–and understood it well enough to seek redress.") (citing *Crawford*, 796 F.2d at 930 (7th Cir. 1986)); *see also Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (stating, in a Rehabilitation Act case, the traditional rule that "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.") (collecting cases; emphasis in original).

The Court believes that *Barnhart* controls in the present matter, and just as in *Barnhart*, the Court is not required to address the abstract question of whether severe mental incapacity on the part of a plaintiff can toll the FTCA administrative statute of limitations in some

circumstances not presented here. In the case *sub judice*, Ward is presumed to have known the cause of his injuries at the latest when he filed his discrimination lawsuit against the VA on November 18, 1997. As will be discussed in greater detail below, the statements made by Toles were the basis of Ward's claims of sexual harassment, as well as the basis for his FTCA claims in the instant case. Therefore, the limitations period under the FTCA for Ward to file an administrative claim for his injury started to run when he filed his discrimination lawsuit on November 18, 1997, and his opportunity to file an administrative claim expired on November 19, 1999. During this two-year period, Ward was actively pursuing his legal rights related to his alleged injuries in his case in federal district court. *See, e.g., Ward*, 1999 WL 1045208, at *4 n.4 (discussing Ward's response brief opposing the government's motion for summary judgment). As was the case in *Barnhart*, the fact that Ward was proceeding with his sexual harassment claim against the VA during the relevant two year period shows that Ward had clearly discovered the cause of his injury, that he had the general capacity to bring a legal action, and that as a result the statute of limitations should not be tolled. *Id.*, 884 F.2d at 299.

Moreover, although the fact that Ward discovered his injury and filed another lawsuit based on that injury during the administrative limitations period obviates the need for the Court to rule on the issue that the Seventh Circuit reserved—whether a mentally disabled plaintiff may be entitled in some narrow situations to have the FTCA's statute of limitations tolled (*see Barnhart*, 884 F.2d at 299)—the Court notes that Ward would likely not be a strong candidate for such tolling in any event. In addition to pursuing litigation, during the applicable two year period, Ward was employed by the VA. (*See* D.E. 19, Ex. 1); *Crawford*, 796 F.2d at 929-30 (concluding that plaintiff had failed to prove mental incapacity sufficient to toll the FTCA

administrative statute of limitations, and noting as relevant evidence of plaintiff's capacity the fact that he was employed). Furthermore, in circuits where courts have recognized the above-mentioned narrow exception to the discovery rule, it has been reserved for cases where, for example, plaintiffs were comatose or lobotomized, and therefore "incapable of 'discovering' or understanding the causes of their injuries." *Barnhart*, 884 F.2d at 299 (distinguishing those extreme cases from situations such as *Casias v. United States*, 532 F.2d 1339, 1342 (10th Cir. 1976), where the Tenth Circuit had ruled that "insanity" would not toll the statute of limitations) (collecting authorities). Ward has not alleged (nor do the facts indicating that Ward is fully capable of functioning in the employment and legal sphere suggest that he could so allege), that he had a mental condition that would even come close to the "brain damage or destruction" that other circuits have found warranted tolling of the statute of limitations.

The Court concludes that Ward instituted this lawsuit under the FTCA in June 2005, nearly six years after his right to file an administrative claim expired. The Court has not found grounds for tolling the FTCA's administrative statute of limitations. Thus, the Court grants the Government's motion to dismiss with prejudice.

B.      Dismissal Is Independently Appropriate Under Principles of *Res Judicata*

The Government has also argued for dismissal of this action under Fed. R. Civ. P. 12(b)(6) because Ward's action is barred by *res judicata.* (D.E. 17 at 4.) The Court concludes that dismissal on the grounds of *res judicata* is appropriate, independent of all the other reasons discussed above.

1.      Dismissal Is Warranted Under Settled *Res Judicata* Law

"*Res judicata* bars not only those issues which were actually decided in a prior suit, but

16

also all issues which could have been raised in that action." *Brzostowski*, 49 F.3d at 338 (citing *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir. 1988)). The doctrine of *res judicata* "encourages reliance on judicial decisions, bars vexatious litigation and frees the courts to resolve other disputes." *Shaver*, 840 F.2d at 1367 (internal quotation marks and citation omitted). Substantial precedent teaches that the *res judicata* principle is "considered a rule of 'fundamental and substantial justice . . . which should be cordially regarded and enforced by the courts.'" *Id.* (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). A plaintiff's second lawsuit is barred by *res judicata* when there is "(1) [a] judgment on the merits in an earlier action; (2) an identity of the parties or their privies in the two suits; and (3) an identity of the cause of action between both suits." *Brzostowski*, 49 F.3d at 338 (collecting cases).

The "first" lawsuit for the purposes of the Court's *res judicata* analysis is Ward's sex-harassment lawsuit, and the Court finds that Ward had a final judgment on the merits entered against him in that first lawsuit. A judgment on the merits is one "based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form. Traditionally, a judgment is on the merits if it completely disposes of the underlying cause of action." *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (internal citations omitted). Precedent instructs that "a grant of summary judgment is a decision on the merits . . . ." *Capitol Leasing Co.*, 999 F.2d at 191 (citing *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987)); *see also Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) (finding that the district court's decision to grant summary judgment in a prior lawsuit based on the plaintiff failing to meet an administrative deadline was "a decision on the merits for the purposes of claim

17

preclusion.").[6] In Ward's sex-discrimination lawsuit, the Seventh Circuit affirmed the district court's decision to grant the Government summary judgment. *See Ward*, 2000 WL 868587, at *1. Therefore, Ward received a judgment on the merits in his previous sex-harassment lawsuit. *See Kratville*, 90 F.3d at 198.

Second, as discussed above, Ward's present lawsuit, filed in error against the Hospital, is required under the FTCA to have the United States as the defendant. *See* 28 U.S.C. § 2679(a), (b); *Stewart*, 655 F.2d at 742. Ward's first lawsuit, the sex-discrimination suit, was brought against the Secretary of the VA. *See Ward*, 1999 WL 1045208 at *1. The VA is an executive department of the United States Government. *See* 5 U.S.C. § 101 (2005); 38 U.S.C. § 301(a) (2005). "[T]he Government, its officers, and its agencies are regarded as being in privity" for *res judicata* purposes. *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955) (collecting federal appellate cases); *accord, e.g.*, *Miller v. Am. Int'l Group, Inc.*, No. 3:04-CV-1417-P, 2005 WL 1131110, at *5 (N.D. Tex. May 9, 2005) (quoting *Estevez*, 219 F.2d at 323); *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983) (applying Illinois law and stating that "[a] government and its officers are in privity for purposes of *res judicata*.") (collecting cases); *Clark v. United States*, 691 F.2d 837, 839-40 (7th Cir. 1982) ("Regardless of whether or not the United States is a named defendant, a suit is considered to be against the sovereign if the judgment

---

[6] In a prior order in this case, in which this Court granted Ward *in forma pauperis* status and dismissed his claims against Ms. Toles pursuant to 28 U.S.C. § 1915, the Court referred to the 1997 case as having been dismissed without prejudice, which was the way Ward described the resolution of the 1997 suit in his complaint in this case. (*See* D.E. 1 at 15.) Subsequent to that order, the Government has had an opportunity to file its briefs and cite the judicial decisions that disposed of Ward's 1997 suit. The government also has cited the above-discussed precedent, which makes clear that a summary judgment dismissal is one "on the merits" that can found a winning *res judicata* claim.

sought would expend itself on the public treasury or domain, or interfere with the public administration.") (internal quotation marks and citation omitted). Ultimately, the proper defendant in both of Ward's lawsuits is the United States Government; therefore, there is an identity of parties between the two suits.

Third, in terms of whether the present matter has "identity" with Ward's prior sex-harassment lawsuit, "[t]wo claims are one for the purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Brzostowski*, 49 F.3d at 339 (collecting cases); *see also Shaver*, 840 F.2d at 1365 (concluding that where the two relevant lawsuits involved a "single core of operative facts, they constitute identical causes of action for *res judicata* purposes."). The operative facts in both of Ward's lawsuits are identical. In Ward's first lawsuit, his harassment claim rested on allegations that Toles disclosed to co-employees Ward's experience of sexual abuse as a child, as well as Ward's allegedly deficient educational and employment history. *See Ward*, 1999 WL 1045208, at *1. In the *case sub judice*, Ward's invasion of privacy claim rests on the same factual allegations: Toles's harassing disclosure of his educational and employment history, and her disclosure of Ward's history of being subjected to sexual abuse. (D.E. 1 ¶¶ 13-16.)

The Court therefore concludes that this action is barred by *res judicata* because Ward has had a judgment on the merits entered against him in his prior sex-harassment action, the proper defendant in both actions is the Government, and there is an identity of the cause of action because both cases emerge from the same basic factual allegations. *See, e.g., Brzostowski*, 49 F.3d at 339 (collecting cases). Accordingly, the Court grants the Government's motion to dismiss.

2.  Ward Disclaims Any Putative Residual Claim Under the FECA, Which
    Would Not Be Cognizable In This Court In Any Event.

The Government argues that, in the event there was any putative portion of Ward's suit

that was not barred under the principles of *res judicata*, that portion of the suit would need to be

dismissed for lack of jurisdiction, because, as a federal employee seeking money for an injury

allegedly incurred at the workplace, Ward would need to employ the administrative framework

provided by FECA.  The Court need not pass on this argument, given Ward's express disclaimer

of any intent to advance a FECA claim, as opposed to his FTCA claim dismissed above.  (*See,

e.g.*, D.E. 19 at 8 (Ward stating that "[t]his plaintiff has no FECA administrative remedy to

exhaust").)

The Court nonetheless notes that FECA is the "exclusive avenue of redress" against the

Government and its instrumentalities for federal employees with work-related injuries.  *Ezekiel*,

66 F.3d at 898; 5 U.S.C. § 8116(c) ("The liability of the United States or an instrumentality

thereof under this subchapter or any extension thereof with respect to the injury or death of an

employee is exclusive . . . .").  FECA applies to a federal employee claiming "personal injury

sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a); *Griffin v. United

States,* 703 F.2d 321, 322 (8th Cir. 1983) (per curiam) ("[I]f the personal injury did occur on the

job . . . then FECA is the exclusive remedy.") (citing 5 U.S.C. §§ 8102(a), 8116(c)).  FECA's

purpose is "to protect the Government from suits under statutes, such as the Federal Tort Claims

Act, that had been enacted to waive the Government's sovereign immunity . . . employees are

guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for

litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v.*

*United States*, 460 U.S. 190, 193-94 (1983) (collecting legislative history citations). Federal employees' injuries that are compensable under FECA may not be compensated under other federal remedial statutes, including the FTCA. *See, e.g., Griffin*, 703 F.2d at 322; *Wallace v. United States*, 669 F.2d 947, 951 (4th Cir. 1982) ("Federal employees' injuries that are compensable under FECA cannot be compensated under other federal remedial statutes, including the Federal Tort Claims Act.") (citing, *inter alia, United States v. Demko*, 385 U.S. 149, 151 & n.4 (1966)).

Ward, who was a medical records technician at the federal veterans Hospital, (D.E. 1), obviously was a federal employee, and he has brought his claim against the Hospital, which is an "instrumentality" of the United States. 5 U.S.C. § 8116(c). Furthermore, it is undisputed that Ward's claim of personal injury is grounded upon a fellow employee disclosing Ward's personal information at the Hospital, while Ward was working. (*See, e.g.*, D.E. 1 ¶ 13 ("On October 17,1996 while at my work station on 6ASouth,Nurse Toles had come to the ward's nursing office . . . and engaged in conversation to the ward's nursing staff . . . . During this conversation Nurse Toles stated, 'Maurice has a 1.8 grade point average . . . .'") (erratic spacing in original)); *see also Bruni II v. United States*, 964 F.2d 76, 78 (1st Cir. 1992) (stating that FECA "only applies to a federal employee injured on the job.") (emphasis in original omitted). Therefore, although the Court need not resolve the issue, the Government may well be correct that, if any part of this suit were otherwise viable, despite the other defects in this case, Ward's exclusive avenue of redress would be FECA and its administrative framework, assuming *arguendo* that an administrative FECA claim could timely be made. *See Ezekiel*, 66 F.3d at 898 (finding that FECA was the exclusive remedy for a VA nurse bringing suit against a physician at the VA hospital, where both

21

the nurse and the physician were found to be federal employees, for an injury incurred in the course of the nurse's duties at the hospital); *see also Bruni II*, 964 F.2d at 79 (dismissing case for lack of subject matter jurisdiction where plaintiff needed to seek recovery under FECA); *Heilman*, 731 F.2d at 1109-11 (same).

III.     Conclusion

For the foregoing reasons, the United States' motion to dismiss under both 12(b)(1) and 12(b)(6) is granted, for the multiple and independent reasons stated above. Because the defects cannot be cured, Ward's complaint is dismissed with prejudice.

So ordered

_Mark Filip_
Mark Filip
United States District Judge
Northern District of Illinois

Date: _12-5-05_